```
                                                 U.S. DISTRICT COURT
                                                 DISTRICT OF VERMONT
                                                       FILED
           UNITED STATES DISTRICT COURT
                    FOR THE                      2012 APR 18  PM 12: 16
               DISTRICT OF VERMONT
                                                       CLERK
                                                 BY____PM_____
                                                      DEPUTY CLERK
```

JOHN J. SABATASO, Plaintiff      )
                                 )
          v.                     )     Case No.: 2:12-cv-76
                                 )
RUTLAND REGIONAL HEALTH          )
SERVICES, a/k/a RUTLAND REGIONAL )
MEDICAL CENTER, Defendant        )


### COMPLAINT AND JURY REQUEST

NOW COMES JOHN J. SABATASO, by and through his attorneys, Tepper Dardeck Levins & Gatos, LLP, and he makes this complaint against Rutland Regional Health Services, a/k/a Rutland Regional Medical Center, and a jury request, for harm caused by wrongful termination as follows;

### JURISDICTION -- LAW

1. Defendant terminated plaintiff's employment in violation of Family and Medical Leave Act of 1993. 29 U.S.C. 2615.

2. Plaintiff's employment termination also violated Vermont State Laws.

### JURISDICTION -- GEOGRAPHIC

3. Plaintiff resides in and is a citizen of Rutland, Vermont.

4. Defendant is located in Rutland, Vermont.

### FACTS

5. Plaintiff is a respiratory therapist.

6. Plaintiff had worked full time for defendant for thirteen (13) years.

7. Defendant employed and still employs more than 50 employees.

8. Defendant terminated plaintiff's employment effective November 21, 2011.

9. Plaintiff has had serious health conditions in the past two years which have required in-patient treatment and time off.

10. Plaintiff requested time off under the FMLA and Vermont Parental and Family Leave Act due to his medical conditions.

11. Defendant unlawfully refused to designate time off as pursuant to FMLA or VPFLA.

12. Defendant terminated plaintiff.

13. Defendant retaliated against plaintiff for exercising rights under the FMLA and VPFLA.

14. Defendant has a policy of progressive discipline which according to their written policies is "carried out in a manner that is fair, consistent and commensurate with the seriousness of the offense."

15. Defendant terminated plaintiff without following its progressive discipline policies.

16. Defendant through its agents and employees has made false statements about plaintiff.

17. Defendant through its agents and employees has invaded plaintiff's private life.

18. For the work that he performed at the hospital, defendant compensated plaintiff with wages, salary, group health insurance, health

TEPPER  DARDECK  LEVINS & GATOS, LLP – ATTORNEYS AT LAW        73 CENTER STREET – RUTLAND, VERMONT 05701-4046

insurance, disability insurance, sick leave, executive leave, annual leave, educational benefits, and pensions.

19. Plaintiff has had difficulty finding suitable employment after being discharged.

20. Plaintiff supports a family.

## LAW

## VIOLATION OF 29 U.S.C. 2615

## FAMILY MEDICAL LEAVE ACT (FMLA) of 1983

21. The allegations above are repeated here.

22. Plaintiff took time off as he was entitled under the FMLA.

23. Defendant interfered with and retaliated against plaintiff for exercising his rights under the Family and Medical Leave Act.

24. Plaintiff's exercise of rights under the Family Medical Leave act was a substantial and motivating factor in his being terminated.

25. By terminating plaintiff, defendant attacked the primary objective of the Act – time off from work to recuperate from a serious illness.  See, Burlington Northern and Santa Fe Ry. Co. v. White, 546 U.S.53, 63 (2006); Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997).

26. Defendant's actions toward plaintiff send the message to other employees that exercising rights under the FMLA can lead to adverse employment consequences.

27. Violation of FMLA caused plaintiff economic harm.

TEPPER DARDECK LEVINS & GATOS, LLP – ATTORNEYS AT LAW    73 CENTER STREET – RUTLAND, VERMONT 05701-4046

## VIOLATION OF 21 V.S.A. § 470 et sec

## VERMONT PARENTAL AND FAMILY LEAVE ACT (VPFLA)

28. The statements made above are repeated here.

29. Plaintiff was entitled to time off under the VPFLA.

30. Defendant terminated plaintiff's employment in violation of the VPFLA.

31. Violation of VPFLA caused plaintiff economic harm.

## RETALIATION

32. The statements made above are repeated here.

33. Defendant unlawfully retaliated against plaintiff for exercising rights under the FMLA and VPFLA by terminating his employment.

34. Defendant's retaliation has caused plaintiff economic harm.

35. Defendant's retaliation has caused plaintiff emotional stress.

## BREACH OF IMPLIED CONTRACT OF EMPLOYMENT

36. The allegations set forth above are repeated here.

37. Defendant modified the Vermont's at-will employment status by establishing personnel policies outlining specific and comprehensive progressive discipline process and policies.

38. By creating the progressive discipline system, defendant gave employees the impression of job security and expectation that they would be treated fairly and uniformly.

39. As a result of this promise, defendant received the benefits from its employees that such an atmosphere confers.

40. Defendant should not be permitted to disregard its commitments which were intended to generate an atmosphere of trust. Dillon v Champion Jogbra, Inc., 175 Vt. 1 ¶9 (2002).

41. The progressive discipline system creates an implied contract of employment.

42. The covenant of good faith a fair dealing requires defendant to work with faithfulness to an agreed common purpose and consistency with the justified expectations of the plaintiff. Carmichael v. Adirondack Bottled Gas Corp. of Vt., 161 Vt. 200, 208 (1993); and Restatement (Second) of Contracts § 205, Comment A (1981).

43. Defendant breached its contract of employment by failing to follow its progressive discipline system.

44. Defendant's breach of contract caused plaintiff economic harm.

### COMMON LAW CAUSES OF ACTION

45. The statements above are repeated here.

46. Defendant through its agents and employees has made false statements about plaintiff.

47. Defendant through its agents and employees has invaded plaintiff's privacy.

48. Defendant's actions have caused plaintiff economic harm.

49. Defendant's actions have caused plaintiff emotional stress.

### EXEMPLARY DAMAGES

50. The allegations set forth above are repeated here.

TEPPER DARDECK LEVINS & GATOS, LLP – ATTORNEYS AT LAW         73 CENTER STREET – RUTLAND, VERMONT 05701-4046

51. The actions of defendant were done with malice or reckless indifference to plaintiff's protected rights.

52. Exemplary damages are appropriate to prevent future violations of the law.

## JURY TRIAL

53. Plaintiff requests a trial by jury.

## DAMAGES

WHERFORE, plaintiff seeks the following relief;

(a) Fair and reasonable compensation for lost wages, salary, health and other insurance benefits, pension and retirement benefits;

(b) Fair and reasonable compensation for stress;

(c) Liquidated damages;

(d) Exemplary damages;

(e) Attorney and expert fees; and

(f) Costs and interest.

DATED at Rutland, Vermont this 17th day of April, 2012.

By: *[signature]*
Tepper Dardeck Levins & Gatos, LLP
73 Center Street
Rutland, VT 05701
jlevins@tdlglaw.com
(802) 775-4361
Attorney for Plaintiff, John J. Sabataso